(32 App. Div. 430.)

### WARD v. CITY OF BROOKLYN et al.

(Supreme Court, Appellate Division, Second Department.   July 23, 1898.)

1. TAXATION—VERIFICATION OF ROLLS.

If in a large ward composed of numerous parcels of land, belonging to different owners, the tax assessment rolls are contained in several large volumes consecutively numbered, it is a sufficient compliance with Laws 1888, c. 583, tit. 10, § 9, and Laws 1885, c. 201, § 8, amending Laws 1851, c. 176, § 8, relating to verification of the rolls, if any one or more of the volumes contains the requisite verification and oath in due form and duly signed, even though other volumes contain the same in insufficient form, for the statute does not require that the affidavits or oaths shall be placed in any particular part of the roll.

2. OATH—SUFFICIENCY.

Under the rule that an oath, to be sufficient, must be in such form as to furnish a foundation for an indictment for perjury if it is false, the test is whether it would authorize an indictment, not whether it would warrant a conviction.

Appeal from special term, Kings county.

Action by John M. Ward against the city of Brooklyn and others. From a judgment dismissing plaintiff's complaint on the merits, he appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Sanders Shanks (Andrew F. Van Thun, Jr., on brief), for appellant. William J. Carr, for respondents.

HATCH, J. The plaintiff, as owner and in the undivided possession of certain lands situated in the Twenty-Sixth ward of the city of Brooklyn, was assessed for taxes thereon in the years 1893 and 1894. These taxes not being paid, the land was sold for such nonpayment, and thereafter the registrar of arrears delivered to the purchaser a certificate of such sale, and the same was duly recorded in the registrar's office. By this action the said assessments and the said certificate of sale are sought to be set aside and canceled, and the same adjudged to be void, as constituting a cloud upon the title to the land. It is not contended but that the action is properly brought to remove a cloud upon the title, based upon the ground that the certificate of sale is regular upon its face, and in due process of time, if there be no redemption, title will be perfected by the execution and delivery of a deed perfecting title, and such seems to be the law. Crooke v. Andrews, 40 N. Y. 547; Butler v. Johnson, 41 Hun, 206; Monroe Co. v. City of Rochester, 154 N. Y. 570, 49 N. E. 139. The objections which are raised relate solely to the verification of the respective rolls by the assessors, which, it is claimed, are not in con-

formity to the statute in essential particulars, and are therefore void.

The quantity of real estate situate in the Twenty-Sixth ward is very large, and is composed of a great number of parcels of land, the property of different owners. The roll, as made up, is contained in 11 large volumes, numbered consecutively from 1 to 11. Affidavits of the assessors appear upon each volume, and it is readily apparent that this was done out of more abundant caution than would seem to have been evidenced if but one affidavit had been attached to the last volume of the roll. While there are 11 volumes, so called, there is but one roll, made up of the whole, and this excess of caution upon the part of the assessors in making 11 verifications instead of 1 creates the only trouble in the case. It is not contended that any property liable for assessment has been omitted from the rolls, or that the assessors have failed in their duty in any other respect aside from the claimed defect in the form of the oaths attached to the roll. If, therefore, all or any of the verifications are in compliance with the statute, it would seem to be sufficient in upholding the roll.

The statute governing the verification of assessment rolls, when these rolls were made up, is found in section 9, tit. 10, c. 583, Laws 1888, and the oath prescribed by law, which the assessors are required to take, as it existed at the time when these rolls were made up, is found in section 8, c. 201, Laws 1885, which amended this section as it existed in chapter 176, Laws 1851. The verification of the rolls is in each instance made by all of the assessors, as required by the law of 1885; and the other oath is signed by two assessors, as required by the law of 1888. Attached to the roll of 1893, and appearing in volumes 2 and 5, are the oaths of all the assessors, as required by the first of the last above-named acts, and by two of the assessors, as required by the last-named act. In all of the other oaths attached to this roll reference is made to a particular volume, in the oath thereto attached. We shall discuss the force of this insertion when we come to the roll of 1894. It is now sufficient to say of the roll of 1893 that twice the assessors have made literal compliance with the law, so far as oaths are concerned, and followed the form prescribed by each statute. But it is urged that they do not appear at the end of the roll, and are therefore invalid. The statute does not require that these affidavits or oaths shall be placed in any particular part of the roll. Usually it would seem more fitting to attach the oaths at the close of the roll. But, where the statement is that the roll contains all of the property in the foregoing assessment roll, it is sufficient unless it is apparent that it did not cover the entire list, wherever it be attached. Colman v. Shattuck, 62 N. Y. 348. There is nothing in the oath which indicates that it does not embrace the entire list, and it affirmatively appears that all of the property was so embraced. We have no difficulty, therefore, in sustaining this roll and the validity of the oaths, which we have mentioned, attached thereto.

So far as the roll of 1894 is concerned, a somewhat different question is presented. In volume 10 appears an oath by all of the assessors, which is in the precise form required by the law of 1885, and, within the rule we have above announced, this constitutes compliance

with the law. The same, however, is not true of the oath made by the two assessors, as required by the act of 1888. Assuming, without deciding, that the oath required by this statute must show that the examination was of all the property in the ward, we think there has been compliance with the statute as to this roll. With two exceptions, in which we may concede the oaths are bad as referring to the property mentioned in the volume, and not situate in the ward, these oaths state, in the language of the statute, all that is required. In the respect in which they are criticised they read, with slight variation: "We have set down in the foregoing assessment roll all the real estate situated in the Twenty-Sixth ward (volume 9), according to our best information," etc. There is nothing said in the oaths, so drawn, that the statement is limited to the land in the Twenty-Sixth ward set out in any particular part of the roll. The statement is absolute that the property assessed is all the property in the ward. There are no words of limitation of that statement. The reference to the volume stands alone, as a mere interjection, and, so far as effect is concerned, in words, it is as meaningless as would be a reference to a volume of law reports. We ought not to construe it as a limitation in order to defeat the oath, unless compelled thereto by other language, of which there is none. Rather should we seek to support the oath when the language used therein is such as the statute requires, and, in order to defeat its purport, we must add something to the words to give them the effect contended for by the appellant. We think that the use of these words should be rejected as surplusage. So construed, the oaths, as they appear upon both rolls, are in exact compliance with the statute, both in form and in their location upon the respective rolls. It is asserted that a construction which rejects these words as surplusage is not permissible, for the reason that its form is not such as furnishes a foundation for an indictment for perjury, which is the test. It may be accepted as the rule that such test is a proper test by which to measure the force of the oath. Shattuck v. Bascom, 105 N. Y. 39, 12 N. E. 283. It is quite evident that, when the assessors made oath that they had assessed all of the property in the Twenty-Sixth ward, and had followed the form which the statute prescribed, if the oath was false an indictment for perjury would lie. This they have done in the affidavits we have considered, and we see no reason why, upon proof of the falsity of the statement, they do not become proper subjects for indictment for perjury. The appellant, however, in his argument confounds the proof necessary to support a conviction for perjury and that which is required to authorize an indictment. The last requires probable cause only; the first requires proof beyond a reasonable doubt. Perjury requires that the false oath must have been willfully and knowingly false. Pen. Code, § 96. Intent, therefore, is an element of proof, which must be established in order to warrant a conviction. It furnishes no answer to say, therefore, that, upon a trial for perjury, those assessors would have the right to refer to all their oaths for the purpose of showing their intent in taking the particular oath for the violation of which they were held to answer. Such proof would be proper in exoneration, if thereby the jury concluded from the whole that a limitation upon

the oath was intended by them, and, if they so concluded, they would be authorized to acquit. Such result, however, would furnish no obstacle to the court, upon a civil trial, holding that the affidavit was sufficient to answer the requirements of the statute, or to hold that the assessors had made the oath of which they had been acquitted for perjury, and of giving it effect according to its terms. No incongruity exists between the two conclusions. Each rests upon independent grounds peculiar to the nature of the questions required to be decided. We have no doubt that the affidavit in the present case would be sufficient upon which to found an indictment if the assessors have falsified in making up these rolls. Their conviction would be another matter. It would be most unjust to permit the claim of the appellant to succeed, and thereby nullify tax rolls of immense amounts, as he is assessed for no more than his just tax. All of the forms of law, in all essential respects, seem to have been complied with.

The judgment should therefore be affirmed, with costs. All concur.