In the Matter of Supplementary Proceedings for the Collection of a Tax of HENRY J. VEITH, Respondent.

JOHN B. HAMILTON, as Treasurer of Monroe County, Appellant.

TAX — CITY OF ROCHESTER — SUFFICIENCY OF COLLECTOR'S RETURN OF NON-PAYMENT — SUPPLEMENTARY PROCEEDINGS IN AID OF COLLECTION. Under the charter of the city of Rochester (L. 1861, ch. 143, as amd.) no formal return by the collector of the warrant issued for the collection of a tax is necessary, and its return to the county treasurer uncollected, together with a tax bill directed to the alleged delinquent, upon which was the notation "not pay," although there is nothing of record to show that the notation was actually made by the collector, is a sufficient return of the non-payment of the tax to warrant the institution of supplementary proceedings in aid of its collection.

Matter of Veith, 53 App. Div. 650, reversed.

(Argued November 12, 1900; decided December 11, 1900.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered August 7, 1900, affirming an order of the county judge of Monroe county dismissing supplementary proceedings for the collection of a tax.

The questions certified and the facts, so far as material, are stated in the opinion.

Abraham Benedict for appellant. None of the objections to the tax proceedings made by the respondent or discovered by the county judge are tenable. (McKenna v. Edmundstone, 91 N. Y. 231; W. W. Co. v. Long Island City, 23 App. Div.

78; 159 N. Y. 558; *Van Kirk* v. *Wilds*, 11 Barb. 520; *McLean* v. *Myers*, 134 N. Y. 480; *Kane* v. *City of Brooklyn*, 114 N. Y. 586.) The remedy of supplementary proceedings is applicable to the collection of Monroe county taxes. (L. 1867, ch. 361; L. 1890, ch. 561; L. 1861, ch. 143; L. 1896, ch. 908.)

*H. Perry Blodgett* for respondent. A collector of unpaid taxes must make a sufficient return according to law before the court has jurisdiction of proceedings supplementary for the collection of a tax. (*Thompson* v. *Burhans*, 61 N. Y. 52; Davis on Taxation, 20.)

WERNER, J. The original order, which was set aside by the learned county judge of Monroe county, required the respondent to appear and be examined in supplementary proceedings instituted by the county treasurer of that county for the collection of a tax upon respondent's personal property levied for the year 1898. The learned Appellate Division sustained the action of said county judge in setting aside said order, and granted permission to take this appeal upon three certified questions.

The issue is very narrow and involves the single question whether a sufficient return was made of the non-payment of said tax to warrant the institution of supplementary proceedings in aid of its collection. There is nothing in section 259 of the General Tax Law (Ch. 908, L. 1896) which is inconsistent with the provisions of the charter of the city of Rochester, and we agree with the courts below in the conclusion that supplementary proceedings may be resorted to for the collection of unpaid county taxes in the city of Rochester when the proper preliminary steps have been taken.

It appears that on the 15th day of April, 1899, a warrant was issued to one Brown, a collector of taxes in the fifth ward of the city of Rochester, where the respondent then resided, for the collection of the tax above referred to. Some time thereafter, the date of which does not appear, said warrant

was returned to said county treasurer with said tax uncollected, and upon a tax bill, containing a statement in the usual form of the tax levied upon said respondent, there was a notation in lead pencil "not pay." Said collector died in December, 1899, and there is nothing of record to show that said notation was actually made by him. No other or more formal return than this was ever made by said collector, and it appears that nothing more was ever done by any of the collectors who had made returns of unpaid taxes to the county treasurer. It is not claimed that it was necessary to make a return in the form of an affidavit, or in the form required by section 82 of the Tax Law (Ch. 908, L. 1896), and it is virtually conceded that the provisions of the charter of the city of Rochester contain a complete system which up to and including the return of the warrant by the collector are independent of other statutes. As section 119 of said charter, which relates to the issuance of warrants and their return, prescribes no particular form of return, the question arises whether what was done in this instance amounts to a return. The treasurer says the warrant was returned. Upon a tax bill directed to the respondent, which was also returned to the treasurer, was the notation "not pay." This, supplemented by the presumption that the collector as a public officer did his duty, is sufficient to establish the fact of a return. All this would, of course, have yielded to affirmative evidence to the contrary; but standing unassailed it was enough. Was this a sufficient return? As we have seen, the section of the charter prescribes no form of return, and the provisions of section 82 of the Tax Law do not apply. Shall we, therefore, read into the charter a provision which it does not contain? We do not think this is necessary or authorized. The trend of the decisions has been to require substantial performance of the provisions of tax laws, and to import into them nothing that is not required in express terms. (*Kane* v. *City of Brooklyn*, 114 N. Y. 586; *Ward* v. *City of Brooklyn*, 32 App. Div. 430; affd., 164 N. Y. 591.) A more stringent rule is of necessity applied in reference to taxes levied upon the lands

of non-residents (*Thompson* v. *Burhans*, 61 N. Y. 52), and in proceedings for the sale of lands for taxes where the question of jurisdiction is involved. (*Sharp* v. *Speir*, 4 Hill, 76 ; *Miller* v. *City of Amsterdam*, 149 N. Y. 288.)

While it would undoubtedly be the better practice to require something more formal in the way of a return than was made in this case, we think there was a substantial compliance with the provisions of the charter. We, therefore, answer the questions certified to us as follows :

(1) Is any formal return by the collector of the warrant issued for the collection of a tax necessary, under the statutes applicable to this proceeding, to enable this proceeding to be maintained ? A. No.

(2) Is the return made by the collector in this case sufficient to enable this proceeding to be maintained ? A. Yes.

(3) Is the remedy of supplementary proceedings applicable to the collection of the tax in this case ? A. Yes.

These answers necessarily require a reversal of the orders made by the courts below.

The order of the Appellate Division and the order of the county judge of Monroe county, setting aside the order in supplementary proceedings granted herein, are, therefore, reversed, and said order in supplementary proceedings, dated January 5, 1900, is hereby reinstated, and the proceedings thereunder remitted to the County Court of Monroe county, with instructions to proceed therein according to the law and practice of said court, with costs to the appellant in all courts.

PARKER, Ch. J.; O'BRIEN, HAIGHT and LANDON, JJ., concur; GRAY and CULLEN, JJ., dissent.

Orders reversed, etc.