In the Matter of the Supplementary Proceedings for the Collection of a Tax of HENRY H. PRYOR.

JOHN B. HAMILTON, as Treasurer of Monroe County, Appellant; HENRY H. PRYOR, Respondent.

*Supplementary proceedings instituted by a county treasurer to collect a tax — costs allowable against him on the affirmance on appeal of an order dismissing the proceedings.*

The provision of section 259 of the Tax Law (Laws of 1896, chap. 908), exempting a county treasurer from the payment of costs in supplementary proceedings instituted by him for the collection of a tax, only applies to the original proceedings and does not apply to an unsuccessful appeal taken by the county treasurer from an order dismissing the supplementary proceedings.

Section 255 of the Tax Law, which provides: "An appeal may be taken by either party from an order, judgment or determination under this article as from an order, and it shall be heard and determined in like manner as appeals in the Supreme Court from orders," is applicable to an appeal from an order dismissing such supplementary proceedings, and under this section costs upon the appeal should be awarded against the county treasurer as upon an appeal from an order in accordance with section 3239 of the Code of Civil Procedure, and not as upon an appeal in a special proceeding under section 3240 of that Code.

MOTION by Henry H. Pryor to correct a decision rendered by the Appellate Division in the fourth department, upon an appeal from an order dismissing supplementary proceedings instituted by John B. Hamilton, as treasurer of Monroe county, for the collection of a tax assessed against the said Henry H. Pryor, by striking out the provision therein contained, that "the respondent have ten dollars costs and disbursements," and substituting therefor "the order appealed from be affirmed, with costs."

*Abraham Benedict*, for the motion.

*Frederick L. Dutcher*, opposed.

HISCOCK, J.:

This appeal in this matter was by the county treasurer from an order made by the special county judge of Monroe county dismissing supplementary proceedings instituted by said treasurer under

section 259 of chapter 908 of the Laws of 1896, commonly known as the Tax Law, for the collection of a tax assessed against said Pryor.

This court affirmed the order appealed from, with ten dollars costs and disbursements, and upon this motion the parties have argued the questions, *first*, whether any costs of the appeal should be awarded against said county treasurer, although unsuccessful, and, *secondly*, whether such costs, if awarded, should be as upon an appeal from a simple order, or as upon an appeal in a special proceeding at the full rate allowable in an action.

Said section 259 of the Tax Law above referred to provides, in substance, that if a tax exceeding ten dollars in amount levied against a person or a corporation is returned uncollected the county treasurer may, within one year thereafter, apply to the court for the institution of proceedings supplementary to execution as upon a judgment docketed in such county for the purpose of collecting such tax. Said law further provides that the same costs and disbursements may be allowed against the person or corporation examined as in ordinary proceedings supplementary to execution, " but none shall be allowed in his or its favor."

This last clause presents the first question raised, whether any costs should be allowed against the county treasurer, being an unsuccessful appellant. Without discussion we may say we regard it as settled that the provision exempting him from costs only applies to the original proceedings and does not cover an unsuccessful appeal by him from an adverse order in such original proceedings. (*People ex rel. Smith* v. *Comrs. of Taxes*, 101 N. Y. 652.)

We come, therefore, to the consideration of the second question.

The order appealed from dismissed and ended the supplementary proceedings instituted herein. It was, therefore, a final order and in the nature of a judgment. It is quite manifest that these proceedings were in the nature of a special proceeding, and we think, therefore, that, in the absence of statutory provision to the contrary, costs of the appeal should be awarded as in an action. (Code Civ. Proc. §§ 3240, 3333, 3334.)

The act under which the proceedings were instituted seems, however, to have provided a different rule of costs and to limit us to the allowance of those which could be granted upon an appeal from an ordinary order. Chapter 908 of the Laws of 1896 makes no

Fourth Department, December Term, 1901.          [Vol. 67.

provision with reference to costs upon an appeal in these proceed-
ings directly in connection with the section authorizing such pro-
ceedings.    Section 253 of the same chapter and same article, how-
ever, provides for proceedings to correct illegal, erroneous or
unequal assessments.    Section 254 in the same connection provides
that costs shall not be allowed against officers whose proceedings are
thus being reviewed except in cases of bad faith, malice, etc., on
their part.    Section 255 then provides as follows : "An appeal may
be taken by either party from an order, judgment or determination
under this article as from an order, and it shall be heard and deter-
mined in like manner as appeals in the Supreme Court from orders."
While this section immediately succeeds those relating to certiorari
proceedings and precedes the one providing for supplementary pro-
ceedings, its provisions are expressly made applicable to any appeal
taken by any party from any order, etc., provided for in the article
(Art. 11), and which article includes and provides for these supple-
mentary proceedings.    We think, therefore, that it regulates the
subject of costs upon this appeal, and that such costs are to be
awarded as upon an appeal from an order in accordance with section
3239 and not as upon an appeal in special proceedings under section
3240.    (See *People ex rel. Warren* v. *Carter*, 46 Hun, 444 ; *People
ex rel. Smith* v. *Comrs. of Taxes, supra.*)

This was the course taken by this court upon the subject of costs
upon a similar appeal in the *Matter of Veith*, the memorandum
decision in which is found in 53 Appellate Division, 650.    Although
no opinion was handed down upon this subject in that case, we do not
find any occasion to modify our decision therein.    While the decision
of this court in that matter was reversed (*Matter of Veith*, 165 N.
Y. 204), said reversal had no bearing upon the question of costs.

Motion to correct decision, therefore, denied.

All concurred.

Motion denied, without costs to either party.