(67 App. Div. 316.)

## In re PRYOR.

### HAMILTON, County Treasurer, v. PRYOR.

(Supreme Court, Appellate Division, Fourth Department. December 10, 1901.)

1. COSTS—SUPPLEMENTARY PROCEEDINGS TO COLLECT TAXES—ORIGINAL PRO-CEEDINGS—APPEAL.

Laws 1896, c. 908, § 259, which authorizes the institution, by a county treasurer, of supplementary proceedings, as upon a judgment, to collect taxes, and which provides that costs may be allowed against the person examined, but "none shall be allowed in his favor," only exempts the county treasurer from costs on an adverse ruling in the original proceedings, but does not apply to an unsuccessful appeal by him.

2. SAME—APPEALS FROM ORDERS.

An appeal from an order dismissing supplementary proceedings instituted by a county treasurer under Laws 1896, c. 908, § 259, authorizing supplementary proceedings, as upon a judgment, to collect a tax, though such order is in the nature of a final judgment in special proceedings, is heard and determined as appeals from orders, under Id. § 255, providing that an appeal from an order in proceedings under this article, of which section 259 is a part, shall be heard as appeals from orders, and hence the costs on the appeal are regulated by Code Civ. Proc. § 3239, governing costs upon appeals from orders, and not by section 3240, providing for costs on appeal in a special proceeding.

Supplementary proceedings to collect a tax by John B. Hamilton, as treasurer of Monroe county, against Henry H. Pryor. On an appeal from an order dismissing the proceedings the order was affirmed. Motion to correct the order of affirmance by striking out the provision that "the respondent have ten dollars costs and disbursements," and substituting therefor "the order appealed from be affirmed, with costs," denied.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Abraham Benedict, for the motion.
Frederick L. Dutcher, opposed.

HISCOCK, J. This appeal in this matter was by the county treasurer from an order made by the special county judge of Monroe county dismissing supplementary proceedings instituted by said treasurer under section 259, c. 908, of the Laws of 1896, commonly known as the "Tax Law," for the collection of a tax assessed against said Pryor. This court affirmed the order appealed from with $10 costs and disbursements, and upon this motion the parties have argued the questions: First, whether any costs of the appeal should be awarded against said county treasurer, although unsuccessful; and, secondly, whether such costs, if awarded, should be as upon an appeal from a simple order or as upon an appeal in a special proceeding at the full rate allowable in an action.

Said section 259 of the tax law, above referred to, provides, in substance, that if a tax exceeding $10 in amount, levied against a person or a corporation, is returned uncollected, the county treasurer may, within one year thereafter, apply to the court for the institution of proceedings supplementary to execution, as upon a

judgment docketed in such county, for the purpose of collecting such tax. Said law further provides that the same costs and disbursements may be allowed against the person or corporation examined as in ordinary proceedings supplementary to execution, "but none shall be allowed in his or its favor." This last clause presents the first question raised,—whether any costs should be allowed against the county treasurer, being an unsuccessful appellant. Without discussion we may say we regard it as settled that the provision exempting him from costs only applies to the original proceedings, and does not cover an unsuccessful appeal by him from an adverse order in such original proceedings. People v. Commissioners of Taxes, 101 N. Y. 652. We come, therefore, to the consideration of the second question. The order appealed from dismissed and ended the supplementary proceedings instituted herein. It was therefore a final order, and in the nature of a judgment. It is quite manifest that these proceedings were in the nature of a special proceeding, and we think, therefore, that, in the absence of statutory provision to the contrary, costs of the appeal should be awarded as in an action. Code Civ. Proc. §§ 3333, 3334, 3240.

The act under which the proceedings were instituted seems, however, to have provided a different rule of costs, and to limit us to the allowance of those which could be granted upon an appeal from an ordinary order. Chapter 908 of the Laws of 1896 makes no provision with reference to costs upon an appeal in these proceedings directly in connection with the section authorizing such proceedings. Section 253 of the same chapter and same article, however, provides for proceedings to correct illegal, erroneous, or unequal assessments. Section 254, in the same connection, provides that costs shall not be allowed against officers whose proceedings are thus being reviewed, except in cases of bad faith, malice, etc., on their part. Section 255 then provides as follows: "An appeal may be taken by either party from an order, judgment or determination under this article as from an order, and it shall be heard and determined in like manner as appeals in the supreme court from orders." While this section immediately succeeds those relating to certiorari proceedings, and precedes the one providing for supplementary proceedings, its provisions are expressly made applicable to any appeal taken by any party from any order, etc., provided for in the article (article 11), and which article includes and provides for these supplementary proceedings. We think, therefore, that it regulates the subject of costs upon this appeal, and that such costs are to be awarded as upon an appeal from an order in accordance with section 3239, and not as upon an appeal in special proceedings under section 3240. See People v. Carter, 46 Hun, 444; People v. Commissioners of Taxes, cited supra. This was the course taken by this court upon the subject of costs upon a similar appeal in Re Veith, the memorandum decision in which is found in 53 App. Div. 650, 66 N. Y. Supp. 1132. Although no opinion was handed down upon this subject in that case, we do not find any occasion to modify our decision therein. While the decision of this court in that matter was reversed (In re Veith, 165 N. Y. 204, 58 N. E. 886), said re-

versal had no bearing upon the question of costs. Motion to correct decision therefore denied.

Motion denied, without costs to either party. All concur.