(101 App. Div. 322)

MORTON et al. v. HORTON.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. TAX SALES—NOTICE—PUBLICATION IN NEWSPAPER SUPPLEMENT.

Laws 1896, p. 833, c. 908, § 120, relating to sales of land for taxes by the comptroller, provides that "such list of lands, with notice of sale, shall be inserted * * * in the body of the newspaper, and not in a supplement." Section 157 (page 850) provides that "all the provisions relating to sales by the comptroller for unpaid taxes and redemption of lands shall, in so far as not otherwise provided, govern and control the action of the county treasurer." *Held,* that a sale of nonresident land for taxes, made by the county treasurer, is void where the notice of sale was published in a supplement of the newspaper.

Appeal from Special Term, St. Lawrence County.

Action by Henry G. Morton and another against William J. Horton. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Charles S. Ferris, for appellant.
Arthur H. Abbott (Vasco P. Abbott, of counsel), for respondents.

HOUGHTON, J. The only question presented by this appeal is whether in a sale of nonresident lands for nonpayment of taxes, made by a county treasurer, the notice of sale must be published in the body of a newspaper, or whether publication thereof in a supplement is sufficient. The plaintiffs were owners of a tract of land in St. Lawrence county, the notice of sale of which for unpaid taxes was published in a newspaper supplement. This action was brought to cancel the sale because such publication was insufficient. The trial court held the sale void, and, we think, properly. Whatever may have been the practice, or whatever may have been the law, prior to the enactment of chapter 711, p. 1761, of the Laws of 1893, we are of opinion that since that time notice of tax sales, whether by the comptroller or county treasurer, must be published in the body of a newspaper, and not in a supplement. This law related exclusively to the sale and redemption of lands sold for taxes by the Comptroller of the State and by the county treasurers of the various counties. Section 1 prescribed the manner in which the comptroller should make sales, and, among other things, provided as follows:

"Such list [of lands with notice of sale] shall be inserted in two newspapers published in such county once in each week for twelve successive weeks prior to the commencement of the sale, and in the body of the newspapers and not in a supplement."

Section 31 related to publication of notices of sale by county treasurers, and, among other things, contained the following:

"The sale shall be conducted in the same manner and the treasurer have the same powers as in case of sale for taxes by the comptroller."

Upon the revision and codification of the tax law through chapter 908, p. 795, of the Laws of 1896, section 1, p. 1762, of chapter 711 of the Laws of 1893 was practically incorporated in section 120 of that act, and section 31 of the former law was substantially embodied in section 151 (Laws 1896, p. 848, c. 908) of the latter law, except that the revisers state that that portion of section 31 relating to the manner of conducting the sale by the county treasurer is omitted, and is covered by the terms of section 157 (Laws 1896, p. 850, c. 908). Section 157 provides that all the provisions relating to sales by the comptroller for unpaid taxes and redemption of lands shall, in so far as not otherwise provided, govern and control the action of the county treasurer. It would seem clear from these various enactments, all to the same purport, that it was the intention of the Legislature that sales of nonresident lands for taxes by county treasurers should be made with the same formality and in the same manner as those made by the comptroller. Concededly, a publication of notice of sale by the comptroller in a newspaper supplement would be unauthorized, and such a publication by the county treasurer is equally fatal. While it is true, as urged by the appellant, that the trend of decisions has been to require only substantial performance of the provisions of the tax law, and against importing into them anything that is not required in express terms, this tendency has not extended to cases involving sales of land for nonpayment of taxes. In the recent case of Matter of Veith, 165 N. Y. 204, 58 N. E. 886, where this doctrine was enunciated and applied, it is said: "A more stringent rule is of necessity applied in reference to taxes levied upon the lands of nonresidents and in proceedings for the sale of lands for taxes where the question of jurisdiction is involved;" citing Sharp v. Speir, 4 Hill, 76, where it is held that every statute in derogation of the rights of property or that takes away the estate of a citizen ought to be construed strictly.

There is another reason why, in this case at least, the proceedings for sale by the county treasurer should be made analogous to those by the comptroller. The county of St. Lawrence is within the forest preserve, and is one of the three counties within that territory which are permitted to have sales of nonresident lands for unpaid taxes made by their county treasurers. Such lands as are not purchased by individuals must be bid in by the county; and it is made obligatory upon the county to convey to the state, upon demand of the comptroller, those lands purchased by it which have not been redeemed, upon payment of the taxes, interest, and expenses. A sale by the county treasurer is therefore practically one by the comptroller.

The judgment should be affirmed, with costs. All concur.