THE CITY OF ROCHESTER, Respondent, *v.* JOSEPH B. BLOSS, Appellant.

1. ROCHESTER (CITY OF) — REMEDIES IN CHARTER IN FORCE IN 1902 FOR COLLECTION OF TAXES EXCLUSIVE — COLLECTION OF TAX BY ACTION UNAUTHORIZED. The charter of the city of Rochester in force in 1902 contained a complete system for the assessment, levy and collection of taxes, percentages and interest; the remedies therein provided were exclusive, and as it did not expressly authorize their collection by action, they could not be so collected.

2. ORIGINAL TAX ONLY, NOT PERCENTAGES AND INTEREST, RECOVER-
ABLE UNDER SUBSEQUENT STATUTE AUTHORIZING ACTION TO COLLECT
TAXES. Chapter 522 of the Laws of 1903, providing that "all taxes here-
tofore spread upon the assessment rolls" of the wards of such city may
be collected either by action or by supplementary proceedings or by fore-
closure of tax liens, contains no express provision for the collection of
percentages or interest; and since such percentages are characterized in
the charter as "charges for collection," and by the later act, while pro-
vision is made for the payment of a specified rate of interest when pay-
ments are voluntarily made, no provision is made for the collection of
interest or percentages if suit is brought, the legislature must be deemed
to have intended to restrict the recovery by action to the taxes "spread
upon the assessment roll;" and, therefore, in an action brought under the
statute with respect to a tax levied in 1902, the amount of the original tax
only is recoverable, excluding percentages added thereto and interest.

*City of Rochester* v. *Bloss*, 100 App. Div. 511, reversed.

(Argued March 15, 1906; decided April 24, 1906.)

APPEAL from a judgment entered February 7, 1905, upon
an order of the Appellate Division of the Supreme Court in
the fourth judicial department, which reversed a judgment
of Special Term overruling a demurrer to the answer and
sustained such demurrer.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Isaac Adler* for appellant. The method provided by the
charter for the collection of taxes and penalties is exclusive
of common-law remedies, and the common-law action of debt,
therefore, does not lie. (*City of Rochester* v. *Gleichauf*, 40
Misc. Rep. 446; *Dudley* v. *Mayhew*, 3 N. Y. 9; *T. J. & S.
P. R. Co.* v. *Morley*, 23 N. Y. 554; *Heiser* v. *Mayor, etc.*,
104 N. Y. 58; *Matter of N. Y., L. E. & W. R. R. Co.*, 110
N. Y. 374; *Matter of U. S. P. L. Co.*, 16 App. Div. 190;
*People ex rel. Ferry* v. *Board of Canvassers*, 156 N. Y. 59;
*Stevens* v. *Evans*, 2 Burr. 115; *Gedney* v. *Inhabitants of
Tewksberry*, 3 Mass. 307.) The only modification of the
remedies for the collection of taxes and penalties prescribed
by the charter is contained in chapter 522 of the Laws of

1903. This statute gives plaintiff the right to collect by suit the specific taxes theretofore spread upon the assessment rolls of the city, but does not authorize the collection by suit of interest or penalties for the non-payment of such taxes. (*People ex rel. Farrar* v. *O'Keefe*, 90 N. Y. 419.) Interest is not incident to a tax. (*City of Camden* v. *Allen*, 26 N. J. L. 398, 399; *Danforth* v. *Williams*, 9 Mass. 324; *Shaw* v. *Peckett*, 26 Vt. 482; *Perry* v. *Washburn*, 20 Cal. 318; *People* v. *G. S. Tel. Co.*, 98 N. Y. 67; *W. U. T. Co.* v. *State*, 55 Tex. 314; Cooley on Taxation [3d ed.], 19; *U. S. T. Co.* v. *Territory*, 62 Pac. Rep. 987; *Hennepin County* v. *Baldwin*, 65 N. W. Rep. 82; *W. R. R. Co.,* v. *Town of Belvidere*, 35 N. J. L. 584.) At the time this action was commenced the city of Rochester had no authority to bring an action to recover the taxes herein. (*City of Rochester* v. *F. W. C. B. L. Assn.*, 183 N. Y. 23; *Matter of City of Rochester* v. *Bloss*, 77 App. Div. 28.)

*William A. Sutherland* for respondent. The tax was a judgment against the defendant, and the warrant was only an execution for the collection of the judgment. (*Bradley* v. *Ward*, 58 N. Y. 401; *Mayor, etc.,* v. *Colgate*, 12 N. Y. 140; *B. E. R. R. Co.* v. *City of Brooklyn*, 11 App. Div. 127; *City of New York* v. *Streeter*, 91 App. Div. 206; *City of New York* v. *Vanderveer*, 91 App. Div. 303; *D. S. Bank* v. *U. S.*, 19 Wall. 227; *Matter of Babcock*, 115 N. Y. 450; *Matter of Hoffman*, 42 Misc. Rep. 90.) These taxes were recoverable by action independent of the statute of 1903. (*City of Rochester* v. *Gleichauf*, 40 Misc. Rep. 446; *Torry* v. *Willard*, 55 Hun, 78; *Litchfield* v. *Macomber*, 42 Barb. 282; *C. T. Co.* v. *N. Y. C. & H. R. R. R. Co.*, 110 N. Y. 250; *Matter of A. I. C. Co.*, 19 App. Div. 415; *C. Ins. Co. Case*, 3 Abb. Ct. App. Dec. 239; *City of Rochester* v. *Kapell*, 86 App. Div. 224; *D. S. Bank* v. *U. S.*, 19 Wall. 227.) The interest demanded in the complaint is an incident to the debt. (*Jermain* v. *L. S. & M. S. R. R. Co.*, 91 N. Y. 483; *Manning* v. *Q. S. M. Co.*, 24 Hun, 360.)

Chase, J.   In each of the years 1899 and 1901 taxes were duly levied, assessed and imposed by the common council of the city of Rochester against the defendant, as and for a part of the general city tax for said years.   Thereafter, in each year, the tax rolls containing said tax against the defendant were delivered to the treasurer of said city, together with a warrant executed by the mayor of said city, commanding said treasurer to collect and receive from the persons therein named the sums levied as taxes in said rolls.   The warrants so attached to said rolls were not issued under the seal of said city, and consequently were void.   (*City of Rochester* v. *Fourteenth Ward Co-operative Building Lot Association,* 183 N. Y. 23.)   The treasurer of said city, in each year, gave public notice that all persons named in said rolls were required to pay their taxes to him, and demanded of the defendant the amounts so levied, assessed and imposed against him, but the defendant has not paid the same.   Thereafter, and on the 9th day of May, 1903, chapter 522 of the Laws of 1903 was enacted which provides: " All taxes heretofore spread upon the assessment rolls of the various wards in the city of Rochester," are validated and rendered legal and binding, notwithstanding any irregularity, omission or error in the proceedings relating to the same, or in making, levying and assessing the same, or in the proceedings for the collection of such taxes, and notwithstanding the omission from any tax warrant of the seal of the city of Rochester.   The act also provides: " § 2.  All taxes heretofore spread upon the assessment rolls of any of the wards in the city of Rochester, and unpaid and held by and owing to the city of Rochester on the date of the passage of this act, excepting taxes for the years nineteen hundred and two and nineteen hundred and three, may be paid with interest thereon.   Personal taxes at the rate of six per centum per annum from the date when said tax is spread was confirmed by the common council, and taxes assessed upon real estate at the rate of six per centum per annum from the date when said real estate was sold by the city treasurer, provided such payment be made within ninety days after the passage of this

act; and provided also in case any of said taxes are in litigation, or in process of collection by action, foreclosure or supplementary proceedings, that 'the taxable costs thereof incurred prior to April two, nineteen hundred and three, be also paid. § 3. All taxes heretofore spread upon the assessment rolls of the various wards in the city of Rochester, may be collected by the corporation counsel, either by action, or by supplementary proceedings, or by foreclosure of tax liens, without regard to the date when the said taxes were so spread, and the Statute of Limitations cannot be interposed as a defense thereto. The remedies herein provided shall be in addition to the other methods provided in the charter of the city of Rochester for the collection of taxes in the said city of Rochester, and not dependent upon them, or any of them."

On the 30th day of December, 1903, this action was commenced to recover said taxes, together with five per cent added thereto and twelve per cent on each tax from the 15th day of October after the assessment of said taxes respectively. The defendant served an answer denying that the warrants attached to the assessment rolls respectively were duly executed, and further denied that he was liable to pay the amounts as alleged in the complaint. The plaintiff demurred to the answer on the ground that it is insufficient in law on the face thereof. The trial court found that the plaintiff was entitled to judgment for the amount of said taxes, without said percentages, and judgment was entered upon the decision of the court accordingly. An appeal from said judgment was taken by the plaintiff to the Appellate Division where the judgment was reversed, and judgment was directed as demanded in the complaint. It is from such order of reversal that the appeal is taken to this court.

The charter of the city of Rochester contains a complete system for the assessment, levying and collection of taxes (*City of Rochester* v. *Gleichauf*, 40 Misc. Rep. 446; *Matter of Veith*, 165 N. Y. 204), and it is therein provided that the treasurer shall "receive for the contingent fund of said city, the following additions as charges for collection, namely: If

the same be paid after the last day of May and on or before the last day of June then next, he shall charge and receive an addition of one per centum; if paid after the last day of June and on or before the last day of July, then next, an addition of two per centum; if paid after the last day of July and on or before the fifteenth day of August, then next, an addition of three per centum; if paid after the fifteenth day and on or before the last day of said month of August, then an addition of four per centum; if paid on or before the first day of the month of September then next, and on or before the fifteenth day of the same month an addition of five per centum; and if paid at any time after the fifteenth day of September, such addition of five per centum, and also, interest from that day, at the rate of twelve per centum per annum." (§ 89 of the charter of said city, as amended by chap. 777, Laws of 1896.)

Express provision is contained in said charter for including said percentages with the taxes when collection is enforced in the manner provided by the charter. It is now contended by the respondent that this action can be sustained for the collection of said taxes and percentages, apart from the provisions of said chapter 522 of the Laws of 1903. Said charter does not expressly authorize the collection of taxes and percentages by action.

The power to tax is wholly statutory. A tax roll is not a judgment roll, and a tax thereon does not partake of the nature of a judgment, except as to its validity and amount and the manner in which it can be proven. The authority for the tax and its binding effect upon the person taxed rests upon the authority given to the taxing officers by the legislature. When the taxing officers have jurisdiction their action cannot be attacked collaterally, and to that extent the tax is in the nature of a judgment. The tax, however, does not become a debt within the meaning of such word as commonly used. Taxes do not rest upon contract, express or implied. They are obligations imposed upon citizens to pay the expenses of government. They are forced contributions,

and in no way dependent upon the will or contract, express or implied, of the persons taxed. It is said by Cooley in his work on Taxation (3rd edition, vol. 1, page 19): "The assessment of the tax, though it may definitely and conclusively establish a demand for the purposes of statutory collection, does not constitute a technical judgment, and the taxes are not contracts between party and party, either express or implied, but they are the positive acts of the government, through its various agents, binding upon the inhabitants, and to the making and enforcing of which their personal consent individually is not required."

So a taxpayer cannot set off against his taxes an indebtedness of the municipality to him unless expressly authorized so to do by statute. Not only is the tax wholly dependent upon statutory authority, but the several steps for the collection of a tax are also dependent upon such authority.

In the case of *Durant* v. *Supervisors of Albany County* (26 Wend. 66) the Court for the Correction of Errors reversed the decision of the chancellor sustaining a decision of a vice-chancellor, overruling a demurrer to a bill in chancery for the discovery of choses in action and to enforce the collection of taxes when a warrant for their collection had been returned unsatisfied. The question of the jurisdiction of the court to grant the relief desired was discussed at length in the opinions delivered. Senator HUMPHREY, notwithstanding the fact that he voted in favor of sustaining the jurisdiction of the court to maintain the action, said : "I agree with the counsel for the appellant that there is no remedy at law for the collection of these taxes. The authorities cited by him seem fully to maintain his position that where a right is given by statute and a remedy for the violation of it is prescribed at the same time, the statute remedy and no other must be pursued. It follows that the complainants were right in pursuing the statute remedy, as they have done, to every available extent, and that they cannot bring an action at law to recover the amount of these taxes, and that, therefore, all the legal remedies of the complainants are exhausted." To this state-

ment of law there was no dissent among the members of the court.

Judge GRAY, of this court, in the recent case of *City of New York* v. *Matthews* (180 N. Y. 41), referring to the statute which gives the city of New York the right to collect taxes imposed upon personal property by action, says: "The enactment of this law was probably designed to permit the city to have recourse to the remedy of a personal action for the recovery of a tax. Such an authorization seemed necessary, inasmuch as a tax, unlike an ordinary debt, is not contractual in its nature and the statutory remedies for its collection did not include an action at law."

The right to maintain a common-law action to recover taxes in the city of Rochester, prior to the enactment of chapter 522 of the Laws of 1903, was denied in *City of Rochester* v. *Gleichauf* (*supra*). (See cases therein cited.) The cases which have been called to our attention as sustaining the respondent's contention are mainly distinguishable from this case. Expressions can be gleaned from opinions where the question involved is one as to which of two persons shall pay a tax, or where taxes are sought to be recovered from property in the possession or control of the court, from which it is claimed that a common-law action will lie for the collection of a tax, but even in such cases in nearly every instance as in *Central Trust Co.* v. *N. Y. C. & N. R. R. Co.* (110 N. Y. 250) the general rule that where "proceedings to enforce the collection of taxes thus imposed are provided for in the very act which imposes them such proceedings must in all cases be taken and that all other remedies are absolutely excluded" is recognized. A common-law action has in some jurisdictions been sustained for the collection of a tax in the absence of express provision therefor when the act imposing the tax has made no provision for the collection thereof, but the action in such cases is sustained upon the alleged implied authority from the legislature to collect the tax by the ordinary means of collecting an obligation arising upon contract, express or implied.

4

In *Dollar Savings Bank* v. *United States* (19 Wall. 227), in which it is held that a common-law action can be maintained to collect a tax, the decision is distinctly placed upon the ground that the common-law rule that where a statute creates a right and provides a particular remedy for its enforcement, the remedy is exclusive of all common-law remedies, is not applicable to the United States. The court expressly holds that the right to maintain the action without statutory authority is limited to the government. The court uses the following language: "It must also be conceded to be a rule of the common law * * * that where a statute creates a right and provides a particular remedy for its enforcement, the remedy is generally exclusive of all common-law remedies. * * * The reason of the rule is that the statute, by providing a particular remedy, manifests an intention to prohibit other remedies, and the rule, therefore, rests upon a presumed statutory prohibition. * * * The prohibitions, if any, either express or implied, * * * are for others, not for the government. They may be obligatory upon tax collectors. They may prevent any suit at law by such officers or agents. But they are not rules for the conduct of the state. It is a familiar principle that the King is not bound by any act of Parliament unless he be named therein by special and particular words."

Municipal corporations are instrumentalities for the more convenient administration of local government. Their powers are such as the state, through its legislature, confers upon them.

Municipal, like private corporations, must act within the limitations prescribed by the sovereign power, and they cannot impose a charge upon the person or property of individuals unless they proceed in the manner prescribed by law. (*In re Petition Douglass*, 46 N. Y. 42.)

In *Matter of Second Avenue M. E. Church* (66 N. Y. 395) this court said: "It is a rule that the municipality which seeks to affect the property within its jurisdiction by taxation or proceeding in the nature thereof must produce express

power therefor in legislative enactment, and must show that in its attempt to tax it has strictly followed all the legal requirements."

The court in the case of *Torrey* v. *Willard* (55 Hun, 78) did not consider the effect of the common-law rule excluding remedies other than those expressly provided, and so far as it holds that a common-law action for the collection of a tax can be maintained without statutory. authority therefor, it is against the weight of the authorities.

The · city of Rochester was wholly without authority to maintain a common-law action to collect a tax prior to the enactment of chapter 522 of the Laws of 1903. Did that act authorize the collection of the percentages provided by certain sections of the charter of said city ? We think that it did not.

Such percentages are not incidents to the tax, like interest for the loan or forbearance of any money, goods or things in action. They are imposed as penalties in the nature of inducements to prompt payment, and are generally included in local bills. Acts regulating interest must be general and not local. Section 18 of article 3 of the Constitution provides that the legislature shall not pass a private or local bill regulating the rate of interest on money.

The authority of municipal corporations to take private property must be expressly conferred, and the power and manner of its exercise strictly pursued. (*Schneider* v. *City of Rochester*, 160 N. Y. 165.)

The act of 1903 does not expressly provide for the collection of percentages or interest. The fact that express provision is made in the charter for percentages as "charges for collection," and that in the act of 1903 provision is made for the payment of a specified rate of interest when payments are voluntarily made, and no provision is made for the collection of interest or percentages if suit is brought, is of itself significant of the intent of the legislature to confine the recovery by action to the taxes "spread upon the assessment rolls." Whatever the intent of the legislature, the fact remains that

there is no express provision for the collection of percentages or interest by suit.

The responsibility for the injustice, if any, of omitting authority to collect percentages and interest by suit rests upon the legislature. Since this action was brought the charter of the city has been amended so as to authorize the maintenance of an action to collect taxes levied upon account of personal property, including interest, penalties and fees. (Chap. 686, Laws of 1905.) The reasoning of the dissenting opinion in the Appellate Division herein, so far as it relates to the collection of percentages, is satisfactory to us.

What we have already said would seem to require that the recovery by the plaintiff be restricted to the taxes as "spread upon the assessment-rolls," without including the percentages provided by the charter or interest as such.

In *People* v. *Gold & Stock Tel. Co.* (98 N. Y. 67) this court said : "The State at its pleasure created the charge or tax and prescribed the penalty for default in payment. No other can be collected. * * * Interest is not given either by this act or by any general law of the State. The payment of it cannot be imposed by implication. What the State omitted to demand the court cannot require."

Taxes being mere statutory impositions do not bear interest at common law. Nor do statutes providing for interest on debts, contracts and judgments apply to taxes. (Am. & Eng. Enc. of Law [2nd ed.], vol. 27, p. 777.)

In Cooley on Taxation (3rd ed. p. 19), referring to taxes, it is said : "They do not draw interest, as do sums of money owing upon contract, but only when it is expressly given."

It is further contended by the appellant that under the decision in *City of Rochester* v. *Fourteenth Ward Co-operative B. L. Association, supra,* no action can be maintained for the collection of taxes against the defendant until the plaintiff has exhausted all remedies under the city charter. The reasoning in the case mentioned was limited to the case of the foreclosure of a tax lien, and we think that it has no applicability to the case now before us.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

VANN, J.   I vote for a modification of the judgment appealed from, so as to allow interest from the date when the action was commenced, upon the ground that the tax was valid as assessed by the proper officers and confirmed by the common council; that the city treasurer had no power to enforce collection thereof, owing to the want of a seal on the warrant issued to him by the mayor, which was the source of his authority to act; that the percentages in question are "charges for collection" of the taxes by the treasurer, after default by the taxpayer in making payment; that the taxpayer in the case before us was not in default until the curative act of 1903 went into effect, because until then the treasurer had no authority to collect the tax; that the defendant was never under obligation to pay the percentages, because they were never valid charges against him; that the city had no authority to collect by a personal action until authorized by the enabling act, which gives that remedy to collect the tax, but not the percentages; and that, therefore, the plaintiff is entitled to recover the amount of the tax only, with interest thereon from the date when this action was commenced, which had the effect of a demand, and the defendant was for the first time placed in default for not paying.

GRAY, EDWARD T. BARTLETT and WILLARD BARTLETT, JJ., concur with CHASE, J.; VANN, J., reads memorandum for modification, and CULLEN, Ch. J., concurs; HAIGHT, J., dissents.

Judgment accordingly.