Lazansky, J.
Where a municipality or other like political subdivision is authorized to levy a tax, no personal obligation is incurred by the person taxed and no action may be brought thereon unless expressly authorized. City of New York v. McLean, 57 App. Div. 601, 604; 37 Cyc. 1240; City of Rochester v. Bloss, 185 N. Y. 42. This is undoubtedly so where other remedy for collection is provided by statute. It seems, however, where no provision is made for collection a remedy by action is implied. 1 Cooley Taxation (3d ed.), 17; City of Rochester v. Bloss, 185 N. Y. 42, 49. While no direct authority for this proposition has been called to my attention, it seems to me this should be the rule especially where the tax is laid by a sovereign power and not by a local political body which receives its authority from the state and is limited thereby. The tax sought to be recovered here, whether it be a tax on “ an exaction imposed as a condition of the right to carry on a business dangerous to public morals ” (People ex rel. Einsfeld v. Murray, 149 N. Y. 367), is assessed and imposed without any provision for a remedy of collection in the event of nonpayment. A penalty is provided for through a revocation of the *448 tax certificate. An action may be brought to enjoin the traffic in liquors where the tax is not paid. But neither is an aid to collection. Even the lien which is by the act given upon the property on and in the place of traffic for the amount of the tax or “ imposition ” as a condition of doing business for the ensuing year and for any penalty for a violation is not provided for in case of a nonpayment of the tax or “ exaction ” provided for by section 9-a, which is the tax sought to be recovered here. Section 16 of the Liquor Tax Law provides for an action, in case of a violation of law, on the bond required to be given when a tax certificate is issued. It might be urged that the failure to pay the tax under section 9-a is a violation of the act and, therefore, a remedy has been provided.' It seems to me, however, that section 16, which was enacted before section 9-a became a law, was not intended to cover the case of nonpayment of the tax provided for under section 9-a. The small amount of bond required indicates this. The statute provides no remedy for the tax, but in my opinion the right to begin an action therefor should be implied from the levy and the right to collect. But this right of action belongs to the people of the state. The act does not authorize the plaintiff to sue thereon. It will be observed that under section 16 in actions on bonds he is expressly authorized to sue in his official name. It has been inferentially held that without such authority he cannot sue on the bond. Lyman v. Rochester Title Ins. Co., 37 App. Div. 234. Section 3, which requires the commissioner to be made a party “ to all other civil actions or proceedings * * * which in any manner affect the enjoyment of the privileges or of the operation of the restrictions provided for in this chapter ’ ’ does, not contemplate a suit by the plaintiff. Not only the context itself but the fact that for instance under section 16 express authoriza *449 tion to sue is given indicate this. But if it be assumed that because the tax is levied, imposed, collected and distributed under the supervision of plaintiff and the enforcement of the law generally is in his charge, the power to sue might be implied, the action would have to be brought in the name of the people by him as their representative, since the cause of action is in the people and no direct authority is given to sue in his own name. If plaintiff has no authority to sue then the complaint does not state a cause of action. Plaintiff has the capacity to sue but no right of remedy. Ward v. Petrie, 157 N. Y. 301. There are authorities in lower courts that this question is one of capacity to sue. If plaintiff has implied authority to sue in the name of the people, and since here he is the plaintiff and not the people by him, the complaint does not set forth a cause of action. Van Tuyl v. New York Real Estate Security Co., 153 App. Div. 409. For these reasons it seems to me the complaint does not state facts sufficient to constitute a cause of action. The allegations of the complaint as to the imposition'and assessment of the tax are sufficiently alleged without setting forth the details. The other grounds of demurrer cannot be sustained. Plaintiff’s motion for judgment on the pleadings is denied, with ten dollars costs. There is no cross motion.
Motion denied, with ten dollars costs.