## UNITED STATES v. PROCTOR.

(District Court, S. D. Texas, at Houston. December 20, 1922. On Rehearing, March 8, 1923.)

### No. 318.

1. **Interest** ⬦⟹13—**On default of debtor, interest is recoverable as part of debt.**
   Whenever a debtor is in default for nonpayment of a debt when due, interest is recoverable as a part of the debt.

2. **Internal revenue** ⬦⟹27—**Income tax is due at the time fixed by law.**
   An income tax is due at the time fixed by the statute, though, under the law as then construed, it was not then assessed or demanded.

3. **Taxation** ⬦⟹528—**Tax is "debt" which bears interest.**
   A tax is a "debt," and, unless otherwise provided by statute, bears interest.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debt.]

At Law. Action by the United States against F. C. Proctor. Judgment for the United States.

H. M. Holden, U. S. Dist. Atty., of Houston, Tex.
John E. Green, Jr., of Houston, Tex., for defendant.

HUTCHESON, District Judge. This cause has been submitted upon a stipulation as follows:

"It is agreed by the United States of America, plaintiff, acting by and through its Attorney, D. E. Simmons, United States Attorney for the Southern District of Texas, and defendant, F. C. Proctor, by his attorney, John E. Green, Jr., as follows:

"I. That the appended statement represents the correct amounts due the tax from F. C. Proctor and Mrs. Lucy W. Proctor, to wit: From F. C. Proctor, $290.67; from Lucy W. Proctor, $290.67; total, $581.34, less a credit of $75.25, leaving a balance of $506.09 due.

"II. That F. C. Proctor agrees to pay this amount, and the government, through its attorney, agrees to accept this amount, the only difference between them being whether or not interest is due from June 30, 1914, at the rate of 6 per cent. per annum, being the statutory rate of interest in the state of Texas.        D. E. Simmons,

"U. S. Attorney, for Plaintiff.
"John E. Green, Jr."

The statement attached to the stipulation shows that there was never any statutory demand, such as is provided by the Statutes of 1913, § 2, subd. 2, E (38 Stat. 169), so as to make operative the penalty of 5 per cent. and interest at the rate of 1 per cent. per month there provided. The matters also submitted in connection with the stipulation further show that at the time the taxpayer's report was made up he did not believe that the items, upon which the tax now admitted to be due accrued, were taxable, and that the failure to return it was in good faith, and sustained by a reasonable ground for the legal belief, and it is further clear, from the matters presented, and the agreement of the parties in connection with the stipulation, that there was no demand of any kind made upon the taxpayer for the taxes here agreed to be paid, until about June, 1919.

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] It is the government's position that the tax became due to the government on June 30, 1914, although there was no demand made under section E of the Statutes of 1913, and although it originated out of an item which the taxpayer did not believe to be taxable, and as to which the government was not then demanding payment of the tax; the government's position being that, whether the taxpayer or the officers of the government believed the tax had arisen, it in law did arise as a liability, if it ever arose at all, on June 30, 1914. And with these premises it invokes the rule that, where money claimed has actually been used, or is improperly retained by the defendant (see Ruling Case Law, vol. 15, § 8, and cases cited), it is the duty of the debtor, when he pays the money, to also pay the interest, since the interest goes with the principal, as the fruit with the tree.

The position of the defendant is that, the government having by section E of the act of 1913 provided a method for notification to the taxpayer, and a specific interest to follow failure to pay after such notice, the statute makes an exclusive interest provision, and no other interest can be allowed, and since it is conceded in this case that the statute was never complied with, and the taxpayer never became liable to pay that interest, it cannot be charged with any other. I think the modern view (see R. C. L. vol. 15, § 8), that whenever a debtor is in default for not paying money, justice requires that he should indemnify the creditor for the wrong which has been done him, and that such indemnity should never be less than the value of the money during the time of its detention, is sound; and this view derives further support from the consideration that in exacting interest under such circumstances the creditor is not in any manner penalizing the debtor, but merely requiring the debtor to surrender to him that which is his own, together with the fruits of that which is his own.

Nor, if the tax is a debt, is it sound to say that the provision for interest made in section E would prevent the invocation by the government of the rule of interest obligation applicable generally to debts; for, if interest was allowed on taxes, just as on debts, on the principle above set out, it would not lie in the mouth of the defendant, when he is asked to pay the debt, with lawful interest for its detention, to invoke against the government its failure to follow up that provision of the statute which provides for penalty and punitive interest. It will thus be seen, then, that the questions for decision in this case are: (1) When did the tax become due and payable to the government? and (2) whether, if it did, it can be considered a debt, so as to draw interest to it from its due date, either as part of the debt, or as damages for its detention.

[2] As to the first question, while it is true that as to ad valorem taxes there must be a formal act of assessment by the officers, or board of officers, elected or appointed for that purpose, which must be made a matter of record before liability for a tax arises (26 R. C. L. § 297), liability for income taxes arises, and in some sense it may be said that they accrue, at the time the gains, profits, and income passed into the hands of the recipient. The return is required in any case before the day of the levy, so that it is clear that the tax is due—that is, that the

recipient of the gains, profits, and income is liable for it—before it is assessed, as the return is only to ascertain if the liability exists, and its extent. 26 R. C. L. § 127.

Upon this view it must be held that the tax is due and payable by the defendant, not at the time demand was made upon him, but at the time fixed by law, to wit, June 30, 1914, when the tax would have been collected, and, if the tax is a debt due, then the principle above stated, that a debtor who withholds from his creditor moneys due is liable to the creditor for the value of the use of that money during its detention, applies here, and the fact that the government had provided special notice, and penalty following the notice, and demand would not prevent the collection of the simple interest here asserted.

That the tax is not a debt, and that interest does not arise upon it, unless and except in accordance with the provisions of the statute, is settled by the universal current of authority. 26 R. C. L. p. 25; same volume, p. 364; State v. Mutual Life Ass'n, 175 Ind. 59, 93 N. E. 213, 42 L. R. A. (N. S.) 266; Rochester v. Bloss, 185 N. Y. 42, 77 N. E. 794, 6 L. R. A. (N. S.) 694, 7 Ann. Cas. 15, and note, citing many cases. In Sargent v. Tuttle, 67 Conn. 162, 34 Atl. 1028, 32 L. R. A. 822, the principle is stated thus:

"At best a tax is a burden—a necessary one it is true, but none the less a burden—imposed on the taxpayer without his consent, and it seems reasonable to hold that any increase of that burden by way of penalty or otherwise should be expressly made by the power which imposes it, and that, until the legislative will to increase the burden by the addition of interest has been clearly expressed, interest should not be allowed."

In Crabtree v. Madden, 54 Fed. 431, 4 C. C. A. 413, opinion by Justice Sanborn, it is said:

"Taxes are not debts. They do not rest upon contract, express or implied. They are imposed by the legislative authority without the consent and against the will of the persons taxed, to maintain the government, protect the rights and privileges of its subjects, or to accomplish some authorized special purpose. They do not draw interest, are not subject to set-off, and do not depend for their existence or enforcement upon the individual assent of the taxpayers"—citing authorities.

That these two quotations state the law appears from text-books, editorial notes to adjudicated cases, and an unbroken line of authorities. It follows, then, that the tax due by the defendant not being a debt, and there being no claim that any statute fixing the interest was complied with, judgment will be against the defendant for the tax and costs, but without interest, except from the date of judgment.

### On Rehearing.

[3] On motion for rehearing the United States calls my attention to the case of Billings v. United States, 232 U. S. 261, on page 284 et seq., 34 Sup. Ct. 421, on page 425, 58 L. Ed. 596, wherein the Supreme Court discusses the matter of interest on taxes due to the United States, and after conceding that cyclopedias and text-books and nearly all of the state courts of last resort bear out the rule that delinquent taxes do not bear interest unless it is expressly so provided by statute, concludes (232 U. S. 287, 34 Sup. Ct. 426 [58 L. Ed. 596]):

"The conflict between the systems is pronounced and fundamental. In the one, the state rule, except as to contract, no interest without statute; in the United States rule, interest in all cases where equitably due, unless forbidden by statute. In one, no suit for taxes as a debt without express statutory authority; in the other, the right to sue for taxes as for a debt in every case where not prohibited by statute."

Under the authority of this decision, the motion for rehearing must be granted, and judgment entered for the United States for interest.