HAVERTY FURNITURE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41653. Promulgated September 3, 1930.

*James J. O'Byrne, Esq.*, for the petitioner.
*L. W. Creason, Esq.*, for the respondent.

OPINION.

MORRIS: The only question raised by this proceeding is whether the petitioner is entitled to a deduction on its 1924 Federal income-tax return for additional income taxes paid to the State of South Carolina on its 1921 and 1922 income. In 1922 South Carolina passed a State income-tax law which was made retroactive as to the year 1921.

Petitioner reported its income for 1921 and 1922 under this law and paid a tax on such income in the amount of $325.80. In 1924 the State claimed that additional taxes were due from petitioner on its 1921 and 1922 income in the amount of $2,891.29. This claim was at first disputed by the petitioner but later it decided to pay rather than contest the claim. Accordingly, in 1924 it paid the claim, and deducted the payment on its 1924 Federal return. The respondent contends that petitioner is not entitled to the deduction because its liability for 1921 State income taxes became fixed and determinable with the passage of the State income-tax law in 1922, and that since petitioner kept its books of account on the accrual basis, the

liability should be accrued at that time. As to the year 1922 respondent contends that the liability became fixed and should have been accrued at the end of 1922, and therefore that petitioner is not entitled to deduct any amount in 1924 because of 1921 and 1922 State income taxes.

The petitioner contends that its returns for 1921 and 1922 admitting liability for State income tax must be assumed to have been made in good faith, and that such return was a full disclosure of its liability for 1921 and 1922; that a claim for additional State income tax is no different than a claim for any other debt and a taxpayer can only take a deduction for such additional State income taxes in the year in which the liability is finally determined or admitted; and that the liability for the additional State income tax for 1921 and 1922 did not become absolute until 1924, when such liability was admitted and the tax paid.

It is our opinion that respondent is correct in his determination that the additional tax payment in 1924 was not a proper deduction in computing petitioner's Federal income-tax liability for 1924. The State income-tax law fixed the liability of the petitioner with respect to its State income taxes for 1921 and 1922, and if in computing its liability under such law, the petitioner arrived at an erroneous result, the liability for the correct amount of the tax nevertheless remained, and upon the subsequent discovery of such error, the correction necessarily related back to the taxable years as to which the mistake occurred. The facts in this proceeding are analogous to those existing in *United States* v. *Anderson*, 269 U. S. 422, in that all the events had occurred which fixed the amount of the tax and determined petitioner's liability to pay it. The error resulted not from a lack of good faith, but from a mistake either in reporting income or in computing the tax under the State law.

Petitioner has particularly stressed the fact that the liability for the additional tax did not become absolute until 1924, and that until that year it had no means of knowing that its liability was greater than the amount originally reported and paid. This argument entirely ignores the admission of liability for State income taxes shown on petitioner's returns for 1921 and 1922. Good faith and an attempted compliance with the provisions of the law can not act as a bar to correct that which is obviously an error. So far as the facts in this case are concerned, petitioner's correct income-tax liability to the State for 1921 and 1922 was $3,217.09, and the difference between the correct liability and the amount reported by petitioner, namely, $2,891.29, is not a proper deduction on its Federal return for 1924, even though payment of such additional amount was made during the year 1924.

*Decision will be entered for the respondent.*