RUSSELL-MILLER MILLING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59998. Promulgated December 21, 1932.

*Ben Jenkins, Esq.,* and *Earle W. Wallick, Esq.,* for the petitioner.
*E. L. Corbin, Esq.,* for the respondent.

OPINION.

SMITH: This proceeding involves a deficiency in petitioner's income tax for the fiscal year ended August 31, 1929, in the amount of $5,110.65. The only question at issue is whether the petitioner is entitled to a credit against its tax liability for the taxable year 1929 of $582.60, representing income taxes paid to the British Government in that year on income of the prior years 1925, 1926, and 1927. The respondent has disallowed the credit for the petitioner's taxable year ended August 31, 1929, for the stated reason that since the petitioner kept its books and accounts on the accrual basis the credits for the

foreign taxes must be taken on the accrual basis and not in the year of payment. The material facts are stipulated, as follows:

1. The Russell Miller Milling Company is a corporation organized under the laws of the State of North Dakota, with its principal office in Minneapolis, Minnesota, is engaged in the milling of wheat flour, and was so engaged in the years 1925, 1926, and 1927.

2. Petitioner's books of account were kept on the accrual method of accounting during the years herein mentioned, and on the basis of a fiscal year ending August 31, for each year, and its federal income tax returns were likewise prepared and filed on the accrual basis, for fiscal years ending August 31 in each case, and were approved by the Commissioner of Internal Revenue in these particulars.

3. During its fiscal year ending August 31, 1927, petitioner was called upon by the Department of Inland Revenue for Great Britain, to make its return of Income Taxes payable to Great Britain for the years 1925–26, and 1926–27. The Department of Inland Revenue aforesaid demanded audited accounts showing the profit or loss upon such sales; and, upon being advised that petitioner was unable to supply such accounts, sent assessments as follows:

| | |
|---|---:|
| 1925/26 | £40 |
| 1926/27 | 200 |
| 1927/28 | 40 |
| Total | 280 |

4. Petitioner denied any liability for such taxes, on the grounds, first, that petitioner was not trading in Great Britain, and was not subject to tax upon profits from sales made in that country and, second, that even tho it was held that petitioner was trading in Great Britain, no profit had been earned upon sales made there.

5. In October, 1928, petitioner was advised by its London Agent that if said petitioner would admit its liability the Department of Inland Revenue might be willing to modify the above assessments to the following amounts.

| | |
|---|---:|
| 1925/26 | £20 |
| 1926/27 | 100 |
| 1927/28 | None |
| Total | £120 |

On October 30, 1928, petitioner authorized its London Agent to settle on this basis, and on November 20, 1928, cabled £120, in payment of the amount agreed upon, the rate of exchange paid for this amount being $4.855, making a total payment of $582.60.

6. During its fiscal years ending August 31, 1926, 1927, and 1928, petitioner did not accrue or enter upon its books of account any amount for such Income Taxes payable to Great Britain, and made no claim in its Federal Income Tax Returns for said fiscal years, for a deduction for such taxes, or for credit for Taxes Paid or Accrued to a Foreign Country.

7. To its income tax return for its fiscal year ended August 31, 1929, petitioner attached Form 1118, claiming credit of $582.60 for Taxes paid to a Foreign Country, which claim for credit has now been denied and disallowed by the Commissioner.

Section 131 of the 1928 Act provides with respect to credits for foreign taxes, in part as follows:

SEC. 131.  TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.

(a)  *Allowance of credit.*—The tax imposed by this title shall be credited with:

(1) CITIZEN AND DOMESTIC CORPORATION.—In the case of a citizen of the United States and of a domestic corporation, the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States; and

\*       \*       \*       \*       \*       \*       \*

(c)  *Adjustments on payment of accrued taxes.*—If accrued taxes when paid differ from the amounts claimed as credits by the taxpayer, or if any tax paid is refunded in whole or in part, the taxpayer shall notify the Commissioner, who shall redetermine the amount of the tax for the year or years affected, and the amount of tax due upon such redetermination, if any, shall be paid by the taxpayer upon notice and demand by the collector, or the amount of tax overpaid, if any, shall be credited or refunded to the taxpayer in accordance with the provisions of section 322.  In the case of such a tax accrued but not paid, the Commissioner as a condition precedent to the allowance of this credit may require the taxpayer to give a bond with sureties satisfactory to and to be approved by the Commissioner in such sum as the Commissioner may require, conditioned upon the payment by the taxpayer of any amount of tax found due upon any such redetermination; and the bond herein prescribed shall contain such further conditions as the Commissioner may require.

(d)  *Year in which credit taken.*—The credits provided for in this section may, at the option of the taxpayer and irrespective of the method of accounting employed in keeping his books, be taken in the year in which the taxes of the foreign country or the possession of the United States accrued, subject, however, to the conditions prescribed in subsection (c) of this section.  If the taxpayer elects to take such credits in the year in which the taxes of the foreign country or the possession of the United States accrued, the credits for all subsequent years shall be taken upon the same basis.

Section 43 of the Act provides:

SEC. 43.  PERIOD FOR WHICH DEDUCTIONS AND CREDITS TAKEN.

The deductions and credits provided for in this title shall be taken for the taxable year in which "paid or accrued" or "paid or incurred", dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period.

See also the corresponding sections 238 and 200 (d) of the 1926 Act.

A taxpayer keeping its books and reporting its income upon the accrual basis is required to report in each year all items of income or expenses properly accruable in that year; otherwise, the taxpayer's

true income will not be reflected by such bookkeeping method. See *United States* v. *Anderson*, 269 U. S. 422; *Aluminum Castings Co.* v. *Routzan*, 282 U. S. 92; *Continental Tie & Lumber Co.* v. *United States*, 286 U. S. 290; *Ernest M. Bull, Executor*, 7 B. T. A. 993; *Columbian Carbon Co.*, 25 B. T. A. 456; *Permanent Homes Land Co.*, 27 B. T. A. 142. This doctrine of accruals is applicable also in determining the year in which the statutory credits for foreign taxes may be taken. See *Mead Cycle Co.*, 10 B. T. A. 887; *W. J. Burns*, 12 B. T. A. 1209; *Columbian Carbon Co.*, *supra*. See also section 43 of the 1928 Act, quoted above.

With the exception provided for in section 131 (d) above, a taxpayer is required to apply the credit for foreign taxes allowed under section 131 of the act, either in the year when "paid," if reporting its income upon the cash receipts and disbursements basis, or in the year when "accrued," if reporting on the accrual basis. The exception mentioned in section 131 (d) permits a taxpayer at his option to accrue the credit prior to the year of actual payment, even if reporting on a cash basis, but does not authorize a taxpayer reporting on the accrual basis, as was the petitioner, to postpone taking the credit until the foreign taxes are actually paid in a subsequent year. We can not extend the scope of the statute by implication.

The petitioner contends, however, that, as a matter of correct accounting under its accrual method, the taxes paid to the British Government in its taxable year ended August 31, 1929, were not accruable expense items of the prior years for which they were levied, because the petitioner did not admit its liability for any part of the taxes in the prior years. We do not know upon what grounds the taxpayer, in the prior years, denied its liability for the taxes, whether with good reason or otherwise. The facts demonstrate that the petitioner in 1929 admitted its liability, still for reasons not shown, and in a compromise agreement the amount of the tax originally proposed was reduced slightly more than half.

We can not suppose, however, that the petitioner's liability for the taxes was in any sense contingent upon its own recognition of the claim of the British Government or that the liability was any less fixed and certain because of the petitioner's failure to admit it. In *United States* v. *Anderson*, *supra*, the Supreme Court said:

Only a word need be said with reference to the contention that the tax upon munitions manufactured and sold in 1916 did not accrue until 1917. In a technical legal sense it may be argued that a tax does not accrue until it has been assessed and becomes due; but it is also true that in advance of the assessment of a tax all the events may occur which fix the amount of the tax and determine the liability of the taxpayer to pay it. In this respect, for purposes of accounting and of ascertaining true income for a given accounting period, the munitions tax here in question did not stand on any different footing than other accrued expenses appearing on appellee's books. * * *

The agreed facts in evidence do not show just when the taxes in question became due and payable or when they were assessed by the British Government, but, of whatever materiality this may be, it appears that these events took place prior to the taxable year ended August 31, 1929. Certainly, all of the events had occurred which fixed the amount of the tax due to the British Government and determined the liability of the taxpayer to pay it.

We are of the opinion that the credits for the taxes in question were accruable in the prior years and may not be taken when actually paid in the taxable year ended August 31, 1929.

Reviewed by the Board.

*Judgment will be entered for the respondent.*