354

CONTINENTAL BAKING CORPORATION, PETITIONER, *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61603. Promulgated April 11, 1934.

*Raymond F. Garrity, Esq.*, for the petitioner.
*E. L. Corbin, Esq.*, for the respondent.

OPINION.

MARQUETTE: The issue to be decided is whether the capital stock tax of the Bakeries Service Corporation accrued in 1925 or in 1929,

in which latter year the respondent determined it was not exempt from such tax. If it was a proper accrual for 1929 the petitioner prevails; otherwise, it is not entitled to deduct the amount of the tax in its income tax return for that year. *Russell-Miller Milling Co.*, 27 B.T.A. 405; affd., 67 Fed. (2d) 392. The applicable provisions of the Revenue Act of 1924 and of the respondent's regulations are set forth in the margin.[1]

The petitioner maintains that inasmuch as the capital stock tax return filed claimed the corporation was exempt as one not " engaged in business " and by the regulations " the determination of liability rests with the Commissioner ", this decision of liability by the Commissioner was a " fact " necessary to fix the liability, and no tax could be said to have accrued until such decision was made. There appears to be no dispute between the parties as to the law of the case. They both cite and rely upon practically the same decisions, but differ in their application. The question is narrowed then to this: Was the determination of liability by the respondent such an event or fact as would postpone the accrual of the liability until such determination was made? We are constrained to answer this question in the negative. At June 30, 1925, all the facts existed and were known upon which the liability to the tax was to be predicated; it was then ascertainable as a matter of law whether the corporation was " carrying on or doing business " within the intent and meaning of the statute, and we do not think the incidence of the tax or its accrual could be postponed by the filing of a return in which exemption from the tax was claimed.

Since the accounts were kept on the accrual basis, the liability became fixed at July 1, 1925, if the corporation was not exempt, and it having been so determined by the respondent, the liability to the tax accrued in 1925 and not in 1929. *United States* v. *Anderson*, 269 U.S. 422; *Aluminum Castings Co.* v. *Routzahn*, 282 U.S. 92; *Continental Tie & Lumber Co.* v. *United States*, 286 U.S. 290; *Brooklyn Union Gas Co.*, 22 B.T.A. 507; affd., 62 Fed. (2d) 505; *Columbian*

---

[1] Sec. 700. (a) * * * (1) Every domestic corporation shall pay annually a special excise tax with respect to carrying on or doing business, equivalent to $1 for each $1,000 of so much of the fair average value of its capital stock for the preceding year ending June 30 as is in excess of $5,000. * * *

(2) * * * (b) The taxes imposed by this section shall not apply in any year to any corporation which was not engaged in business (or, in the case of a foreign corporation, not engaged in business in the United States) during the preceding year ending June 30 * * *.

[Regulations 64.] ART. 31. *Corporation claiming exemption.*—* * * Organizations claiming exemption should fill out Form 707 but instead of computing the tax should enter in the space provided for the computation the notation " Exemption claimed." The determination of liability rests with the Commissioner of Internal Revenue and without complete information it is impossible to make a decision. Therefore in all such cases the return so filled out must be filed with the collector, together with a comprehensive statement of the reasons for claiming exemption * * *.

*Carbon Co.*, 25 B.T.A. 456; *Permanent Homes Land Co.*, 27 B.T.A. 142; *Russell-Miller Milling Co., supra.*

The respondent therefore correctly denied as a deduction in the year 1929 the amount of the capital stock tax which accrued in 1925. The parties have stipulated that the Bakeries Service Corporation is entitled to a deduction in the amount of $43,439.84 from its 1929 income for depreciation on certain letters patent, and an allowance will be made therefor upon recomputation.

*Judgment will be entered under Rule 50.*