MICHAEL C. McCABE, Respondent, *v.* VILLAGE OF WATERVILLE, Appellant.

Fourth Department, September 27, 1939.

*W. H. Weller*, for the appellant.

*Leo O. Coupe*, for the respondent.

PER CURIAM. Plaintiff complains that by changing the grade of the street in front of his house the defendant has caused the surface of the street to be so low that the service pipe leading from the defendant's water main to his house freezes in cold weather, thereby impairing the service which defendant owes him and causing him damage in that he has to keep the water running to waste in order to keep the service pipe from freezing.

Plaintiff asks that defendant be compelled to abate the nuisance thereby caused and be restrained from taxing him for water necessarily wasted by him in an effort to keep his service pipe from freezing.

This is an appeal by defendant from an order denying a motion to dismiss the complaint.

Appellant makes the mistake of assuming that plaintiff is seeking damages for a change of street grade and that plaintiff must seek his damages under section 159 of the Village Law. Plaintiff is not complaining of the change in grade nor seeking damages therefor. His claim is that defendant, not in pursuance of its governmental powers but in the prosecution of a proprietary business, owes him the duty to furnish him water in such a way that he can have the enjoyment thereof (*Messersmith* v. *City of Buffalo*, 138 App. Div. 427; *D., L. & W. R. R. Co.* v. *City of Buffalo*, 132 id. 946), and that it owes him the same duty that a private corporation would owe him under the same circumstances. (*McEntee* v. *Kingston Water Co.*, 165 N. Y. 27.)

The appellant raises the point that plaintiff's water pipes freeze not because defendant's main is too near the surface of the ground but because plaintiff's house is not kept sufficiently warm in winter. That is an issue of fact to be determined after a trial. Appellant also contends that the expense to which it would be put in order to remedy the defect complained of would be out of proportion to the expense and inconvenience now suffered by the plaintiff. That, too, is a matter which an equity court will take into consideration in deciding the case after a trial of the facts.

The order should be affirmed, with ten dollars costs and disbursements.

All concur. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Order affirmed, with ten dollars costs and disbursements.