FLOYD, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99562. Promulgated December 18, 1940.

*Sidney J. Hayles, C. P. A.*, for the petitioner.
*J. Marvin Kelley, Esq.*, for the respondent.

TYSON: This proceeding involves a deficiency of $3,228.78 in personal holding company surtax for the year ended December 31, 1934.

The only question presented is whether in determining petitioner's undistributed adjusted net income, under section 351 of the Revenue Act of 1934, the respondent erred in disallowing a claimed deduction of $13,445.25 representing an amount set aside from its income for 1934 to retire an indebtedness alleged to have been incurred prior to January 1, 1934.

The proceeding has been submitted upon a stipulation of facts, which is adopted and incorporated herein as our findings of fact. There will be set forth herein only those facts which are deemed necessary to a determination of the issue.

The petitioner is a Georgia corporation, with its place of business in Atlanta.

On November 19, 1932, the internal revenue agent in charge at Atlanta, Georgia, recommended an additional assessment of income tax against the petitioner of $39,114.68 for 1930 and of $15,317.05 for 1931, resulting from the application of section 104 of the Revenue Act of 1928. On May 2, 1933, the Acting Deputy Commissioner approved such recommendation to the extent of $39,114.68 for 1930 and $13,080.11 for 1931. The petitioner filed several protests in Atlanta and Washington, D. C., and at the several conferences held in those cities the petitioner contended that section 104 of the 1928 Act should not be applied to it.

The petitioner made an offer in compromise of the proposed deficiencies for 1930 and 1931, but on May 17, 1934, such offer was rejected as being inadequate.

Under date of June 8, 1934, the Commissioner mailed a formal deficiency notice setting forth his final determination of a proposed deficiency of $52,194.79 in petitioner's income tax for the years 1930 and 1931. That notice advised the petitioner of its right of appeal to this Board, under section 272 of the Revenue Act of 1928, for a redetermination of the proposed deficiency and, further, if petitioner did not desire to petition the Board, the notice requested petitioner to execute a certain form "permitting an early assessment" of the deficiency. The petitioner duly appealed to this Board, which, on October 9, 1935, entered its decision thereon "that there is a deficiency in income taxes for the year 1930 in the amount of $18,775.05 and that there is no deficiency or overpayment in income taxes for the year 1931." The petitioner did not appeal that decision and, in due course, during 1935, petitioner settled that tax liability, plus interest thereon, by payment of $23,756.70.

On December 31, 1934, the petitioner set aside all of its 1934 net income, in the amount of $13,445.25, in a specially designated reserve fund to apply on the payment of the proposed deficiencies for 1930 and 1931. Such action was taken pursuant to a resolution adopted at a meeting held on the same date by petitioner's board of directors, which resolution set forth that such action was expedient although the company had denied liability and had employed counsel to contest the asserted deficiencies.

The amount of $13,445.25 so set aside was claimed by petitioner as a deduction for the taxable year 1934, under the provisions of section 351 (b) (2) (B) of the Revenue Act of 1934, which, for the purpose of computing undistributed adjusted net income of personal holding companies, allows a deduction of "amounts used or set aside to retire indebtedness incurred prior to January 1, 1934, if such amounts are reasonable with reference to the size and terms of such indebtedness." In denying such claimed deduction, the respondent determined that the proposed deficiencies for 1930 and 1931 constituted merely a contingent liability up to and including 1934, and not an absolute "indebtedness" as that word is used in the above quoted statute and as it is defined by article 351-4 of Regulations 86, as amended by T. D. 4777, C. B. 1937-2, p. 196, as "an obligation, absolute and not contingent, to pay, on demand or within a given time, in cash or other medium, a fixed amount * * *."

The respondent contends that the proposed additional income tax liability for 1930 and 1931 was in controversy during those years and did not ripen into a fixed or absolute indebtedness until finally determined by the Board's decision entered on October 9, 1935.

The petitioner contends that the claimed deduction has been disallowed, not under the provisions of the applicable statute, but only under a restricted construction thereof by the above quoted regulation.

We are of the opinion that the Board's decision of October 9, 1935, did not as of that date create a liability or indebtedness of petitioner for income tax for the years 1930 and 1931; for the factual circumstances existing in 1930 and 1931 and the then applicable statute had already fixed petitioner's tax liability for those years. The deficiency notice proposed the assessment of additional taxes in a certain amount and the Board's decision redetermined the amount by applying the law to the facts as established by events which had occurred in each of the years 1930 and 1931. The petitioner's correct tax liability, as imposed by law, was ascertainable at the close of each of the years 1930 and 1931 and the controversy between the petitioner and the Commissioner as to the amount thereof did not serve to postpone the time when the liability, if any, became fixed, or to

cause the liability to remain contingent upon a future settlement of the controversy. It is well settled that the *liability* for Federal income tax is *incurred* in the year for which the tax is imposed, irrespective of the time the tax may be assessed or may become due and payable, for, all of the events upon which the tax is predicated having occurred in that year, the amount of the tax liability is then fixed by law and ascertainable. *United States* v. *Anderson*, 269 U. S. 422; *Hygienic Products Co.*, 37 B. T. A. 202 (and cases therein cited); affd., 111 Fed. (2d) 330; certiorari denied, 311 U. S. 655; *Central National Bank of Cleveland, Administrator*, 35 B. T. A. 489; *Central United National Bank*, 33 B. T. A. 588; affd., 99 Fed. (2d) 568; *Continental Baking Corporation*, 30 B. T. A. 354; affd., 77 Fed. (2d) 119; *Brooklyn Union Gas Co.*, 22 B. T. A. 507, 517, 527; affd., 62 Fed. (2d) 505; and *Haverty Furniture Co.*, 20 B. T. A. 644.

It is also settled that a liability incurred for Federal taxes constitutes a debt to the United States. *Billings* v. *United States*, 232 U. S. 261. See also *Price* v. *United States*, 269 U. S. 492; and *United States* v. *Proctor*, 286 Fed. 272.

Under the cited authorities the petitioner's income tax liability for the years 1930 and 1931 constituted a debt incurred prior to January 1, 1934, and in our opinion such liability constituted an "indebtedness" as that word is used in section 351 (b) (2) (B), *supra*.

Since the petitioner's tax liability for the years 1930 and 1931 constituted an "indebtedness incurred prior to January 1, 1934" and since the amount of $13,445.25 was set aside to retire such indebtedness, which amount was, in the light of facts in the instant case, a reasonable amount, we hold that the respondent erred in disallowing the claimed deduction of $13,445.25 in computing petitioner's undistributed adjusted net income and its personal holding company surtax for the taxable year 1934.

Reviewed by the Board.

*Decision will be entered for the petitioner.*