■ In the Matter of BOND STREET AND WEATHERBEST SLIP BOATHOUSE OWNERS, Appellant, v CITY OF NORTH TONAWANDA, Respondent.—Judgment unanimously reversed, without costs, and petition granted. Memorandum: Appellants are tenants of the respondent city and occupy boathouses on city owned riverfront land for $1 per year per front foot. Some of them have resided on the property for over 20 years. The tenants have constructed buildings and have connected city water service to them at their own expense. In 1973 the Niagara County Health Department determined that raw sewage was being discharged into the public waterways from these boathouses and ordered the city to abate the condition. The city thereupon changed its leases to forbid the use of the boathouse properties as temporary or permanent residences. The new leases provided that a violation of that condition would automatically terminate the lease. The parties also agreed that the lease could be terminated by the city for any reason upon 30 days' notice. Many of the tenants vacated at that time but the pollution from those remaining tenants continued and in 1976 the health department again urged the city to correct the problem. The city acted by terminating the water supply to the remaining occupied boathouses. This article 78 proceeding followed to compel the city to supply water as long as the users paid the proper charges. Special Term perceiving no question of fact, and observing that the city had reserved the right to terminate the lease for any reason upon 30 days' notice, dismissed the tenants' petition. The city could not terminate the appellants' water service. A consumer of the public water

supply who has been provided with water and paid his taxes or rents has an implied contract with the municipality for continued service as long as the consumer pays his bills (McCabe v Village of Waterville, 257 App Div 609, 610; Delaware, Lackawanna & Western R. R. Co. v City of Buffalo, 115 NYS 657, affd 132 App Div 946; see, also, McEntee v Kingston Water Co., 165 NY 27, 32; cf. Matter of Charles v Diamond, 42 AD2d 232, 234). By the terms of the lease the city reserved the right to evict the tenants upon 30 days' notice but it has not yet attempted to do so. It would appear that eviction or installation of sewer systems offer an appropriate remedy to the problem. We find no merit to appellants' contention that the city must proceed pursuant to ECL 71-1919. The provisions of that statute are not exclusive (see ECL 17-1101). (Appeal from judgment of Niagara Supreme Court—art 78.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.