# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1120**
**CA 15-00229**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND VALENTINO, JJ.

---

TOWN OF AMHERST, A MUNICIPAL CORPORATION,
PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

BREWSTER MEWS HOUSING CO., INC., BREWSTER
MEWS ASSOCIATES, LP, A PARTNERSHIP,
DEFENDANTS-APPELLANTS,
WILLIAMSVILLE CENTRAL SCHOOL DISTRICT AND
COUNTY OF ERIE, DEFENDANTS-RESPONDENTS.

---

NESPER, FERBER & DIGIACOMO, LLP, AMHERST (GABRIEL J. FERBER OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

BENNETT, DIFILIPPO & KURTZHALTS, LLP, HOLLAND (RONALD P. BENNETT OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

HODGSON RUSS LLP, BUFFALO (MICHAEL B. RISMAN OF COUNSEL), FOR
DEFENDANT-RESPONDENT WILLIAMSVILLE CENTRAL SCHOOL DISTRICT.

BEGNART & DEMARCO, LLP, TONAWANDA (SEAN R. MCDERMOTT OF COUNSEL), FOR
DEFENDANT-RESPONDENT COUNTY OF ERIE.

---

Appeal from an order of the Supreme Court, Erie County (Timothy
J. Walker, A.J.), entered July 30, 2014. The order, insofar as
appealed from, denied in part the motion of defendants Brewster Mews
Housing Co., Inc. and Brewster Mews Associates, LP, a Partnership,
seeking to dismiss plaintiff's amended complaint against them.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motion is granted
in its entirety and the amended complaint against defendants Brewster
Mews Housing Co., Inc. and Brewster Mews Associates, L.P., a
Partnership, is dismissed.

Memorandum: Defendants-appellants (defendants) appeal from an
order that denied in part their motion to dismiss the amended
complaint against them. Defendants own an apartment complex that
provides housing to low-income senior citizens. The complex was
developed in 1978 pursuant to Private Housing Finance Law § 33. Upon
defendants' application, plaintiff adopted a resolution exempting
defendants from real property taxation. The parties also executed a
payment in lieu of taxes agreement pursuant to which defendants were
required to make annual payments of $550 per unit or $118,250, less

special assessments levied against the property.  The parties agree that defendants made payments in lieu of taxes every year from 1978 to 2013.

On or about March 4, 1996, defendants entered into an "Amended and Restated Declaration of Interest and Equity Agreement," which provided that defendants would no longer be governed by article 2 of the Private Housing Finance Law, and thereby rendered defendants ineligible for a real property tax exemption under section 33. According to the amended complaint, defendants never advised plaintiff of their reorganization.  Thus, plaintiff continued the exemption from 1996 to 2013, and defendants continued to make payments in lieu of taxes.  Plaintiff alleged that it discovered in 2013 that defendants no longer qualified for the exemption and, believing that no remedy was available to it through the RPTL, commenced this action seeking the value of the unassessed taxes from 1996 to 2013 based on, inter alia, unjust enrichment and breach of an implied contract.

Defendants moved to dismiss the amended complaint for failure to state a cause of action, contending that plaintiff's exclusive remedy to recover unassessed taxes was pursuant to the RPTL.  The court granted defendants' motion with respect to one cause of action, but denied the motion with respect to the remaining two causes of action, for unjust enrichment and breach of implied contract.  We agree with defendants that the court should have granted their motion in its entirety.

In deciding a motion to dismiss, the court must "determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88).  We conclude that plaintiff may not recover the value of taxes it never assessed from defendants under either a theory of unjust enrichment or breach of an implied contract. "The basis of a claim for unjust enrichment is that the defendant has obtained a benefit which in 'equity and good conscience' should be paid to the plaintiff" (*Corsello v Verizon N.Y., Inc.*, 18 NY3d 777, 790, *rearg denied* 19 NY3d 937).  However, "unjust enrichment is not a catchall cause of action to be used when others fail" (*id.*), and we conclude that plaintiff may not assert an unjust enrichment cause of action as a substitute for assessing and levying taxes in accordance with the RPTL.  We note in any event that, contrary to the allegation in the amended complaint that defendants failed to provide notice of their reorganization, the record establishes that defendants submitted a letter from their president to plaintiff's Town Supervisor dated February 29, 1996, advising plaintiff's Town Supervisor that defendants would no longer qualify for the Private Housing Finance Law § 33 exemption as of March 5, 1996.

We further conclude that plaintiff has no cause of action for breach of an implied contract.  Although a municipality may be a party to an implied contract under some circumstances, e.g., where it provides a utility to the public (*see Matter of Bond St. & Weatherbest Slip Boathouse Owners v City of N. Tonawanda*, 62 AD2d 1136, 1136-1137), we reject plaintiff's contention that a breach of an implied contract cause of action lies in the circumstances present here.

"Taxes do not rest upon contract, express or implied.  They are obligations imposed upon citizens to pay the expenses of government. They are forced contributions, and in no way dependent upon the will or contract, express or implied, of the persons taxed" (*City of Rochester v Bloss*, 185 NY 42, 47-48).

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court